UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SILVER DREAM, LLC, a Louisiana** | * | CIVIL ACTION NO. |
| **Limited Liability Company** | * | 2011-00167 |
| | * | |
| **VERSUS** | * | SECTION:  "D" |
| | * | JUDGE A.J. MCNAMARA |
| **NASIM BURKE, doing business as** | * | |
| **AKHTAR IMPORTS** | * | MAGISTRATE:  "4" |
| | * | JUDGE KAREN WELLS ROBY |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>**ANSWER ON BEHALF OF NASIM BURKE**</u>

**NOW INTO COURT,** through undersigned counsel, comes Nasim Burke, sought to be made defendant herein, who respectfully answers the Complaint for Damages and Injunctive Relief filed by plaintiff as follows.

**DEFENSES AND AFFIRMATIVE DEFENSES**

**I**

The Complaint fails to state a cause of action.

**II.**

Defendant is not engaged in designing, importing, or manufacturing jewelry and it has not copied, and cannot legally be charged with "copying," under the Copyright Act, nor can this defendant be deemed a "competitor" of plaintiff.

1

**III.**

The Complaint makes no allegations concerning, much less any allegations sufficient to support a finding of, vicarious infringement against the defendant.

**IV.**

The Complaint makes no allegations concerning, much less any allegations sufficient to support a finding of, contributory infringement against the defendant.

**V.**

AT the time the disputed items were purchased at a wholesale show by defendant, she had no knowledge that they could potentially infringe on copyrights held by anyone.

**VI.**

Having no notice of potential infringement issues, defendant is not liable under the Copyright Act.

**VII.**

Defendant is entitled to recover from plaintiff all of her costs and attorney's fees pursuant to La. R.S. 51:1409(A) because the allegations of the plaintiff's Second and Third Causes of Action are groundless, brought in bad faith, and for purposes of harassment.

**VIII.**

Defendant is entitled under 28 U.S.C. §1927 to recover their excess costs, expenses and attorney's fees incurred because the proceedings against them have been unreasonably and vexatiously multiplied.

AND NOW, defendant answers the complaint as follows:

1.

The allegations of paragraph 1 of the complaint are denied for lack of proof to justify a belief therein.

2.

Defendant does not dispute that federal jurisdiction exists.

3.

Defendant admits that the court has personal jurisdiction over her but denies the remaining allegations of paragraph 3.

4.

Defendant does not dispute that venue is proper in this court.

5.

The allegations of paragraph 5 of the complaint are denied for lack of proof to justify a belief therein.

6.

Defendant admits her status and domicile.

7.

The allegations of paragraph 7 of the complaint are denied for lack of proof to justify a belief therein.

8.

The allegations of paragraph 8 of the complaint are denied for lack of proof to justify a belief therein.

9.

The allegations of paragraph 9 of the complaint are denied for lack of proof to justify a belief therein.

10.

The allegations of paragraph 10 of the complaint are denied for lack of proof to justify a belief therein.

11.

The allegations of paragraph 11 of the complaint are denied for lack of proof to justify a belief therein.

12.

The allegations of paragraph 12 of the complaint are denied for lack of proof to justify a belief therein.

13.

Defendant admits being in the jewelry industry and marketing her products at events in New Orleans.  The remaining allegations of paragraph 13 of the complaint are denied for lack of proof to justify a belief therein.

14.

The allegations of paragraph 14 of the complaint are denied.

15.

The allegations of paragraph 15 of the complaint are denied.

16.

The allegations of paragraph 16 of the complaint are denied.

17.

The allegations of paragraph 17 of the complaint do not appear to require an answer from the defendant but are denied out of an abundance of caution.

18.

The allegations of paragraph 18 of the complaint are denied for lack of proof to justify a belief therein.

19.

The allegations of paragraph 19 of the complaint are denied.

20.

The allegations of paragraph 20 of the complaint are denied.

21.

The allegations of paragraph 21 of the complaint are denied.

22.

The allegations of paragraph 22 of the complaint do not appear to require an answer from the defendant but are denied out of an abundance of caution.

23.

The allegations of paragraph 23 of the complaint are denied.

24.

The allegations of paragraph 24 of the complaint are denied.

25.

The allegations of paragraph 25 of the complaint are denied.

26.

The allegations of paragraph 26 of the complaint do not appear to require an answer from the defendant but are denied out of an abundance of caution.

27.

The allegations of paragraph 27 of the complaint are denied.

28.

The allegations of paragraph 28 of the complaint are denied.

29.

The allegations of paragraph 29 of the complaint are denied.

**WHEREFORE,** defendant, Nasim Burke, prays that this answer be deemed good and sufficient and that after due proceedings had that judgment be rendered herein in favor of defendant, Nasim Burke and against plaintiff, Silver Dream, LLC, dismissing all of plaintiff's claims at its cost, and granting defendant any relief to which it may be entitled according to law and equity, including attorney's fee, costs, and expenses.

Respectfully submitted,
/s/ Vincent J. Booth
VINCENT J. BOOTH (#18565)
Booth & Booth, APLC
138 North Cortez Street
New Orleans, Louisiana 70119
Telephone:   (504) 482-5292
Facsimile:   (504) 482-5847
Email: vbooth@boothandbooth.com
Attorney for Nasim Burke

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 31, 2011, I electronically filed the foregoing with the Clerk of court by using CM/ECF system which will send a notice of electronic filing to Gregory Latham.

                                              /s/ Vincent J. Booth
                                              Vincent J. Booth (#18565)
                                              Attorney for Nasim Burke